UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOEY D. WISEMAN, JR., ) | Case No. 1:17 CR 464 |
| ) | 1:21 CV 259 |
| ) | |
| Petitioner, ) | JUDGE DONALD C. NUGENT |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter comes before the Court upon Joey D. Wiseman, Jr.'s ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #88). The government filed a Response in Opposition and Petitioner filed a Reply. (ECF #90, 91). This matter is now fully briefed and ready for disposition. For the reasons set forth herein, the petition (ECF #88) is DENIED.

**I.**

On November 8, 2017, a federal grand jury indicted Petitioner on two counts for knowingly possessing with intent to distribute a mixture or substance containing a detectable

amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)( C) (Counts 1 and 2); and one count for unlawful possession of a firearm in violation f 18 U.S.C. § 922(g)(1) and 924(a)(2) (Count 3). On November 14, 2017, the Court appointed Attorney James A. Jenkins as counsel for Petitioner. Petitioner pleaded not guilty to all charges in the indictment.

On February 28, 2018, Petitioner filed a *pro se* Motion to dismiss Counsel Due to Ineffective Assistance of Counsel. The Court denied the Motion on March 9, 2018. A jury trial commenced on June 12, 2018, after which the jury found Petitioner guilty on Counts 2 and 3 and not guilty on Count 1. On September 19, 2018, the Court sentenced Petitioner to a term of imprisonment of 262 months as to Count 2 and 120 months as to Count 3 to run concurrent, six years supervised release, and a special assessment of $200. Petitioner filed a timely notice of appeal, and the Sixth Circuit affirmed his conviction. Petitioner then filed a Section 2255 petition to vacate the sentence on the basis of ineffective assistance of counsel. Specifically, Petitioner argues that his attorney was ineffective because he (1) failed to provide Petitioner with discovery pertinent to his case; (2) he failed to file a Motion to Suppress Evidence; and, (3) he failed to file a Motion to Dismiss the Indictment after Petitioner requested the Motion.

## II.

A. <u>Standard for Relief Under § 2255</u>

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962). As

such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (internal quotation and citation omitted); *see also, United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). The burden is on the petitioner to prove his constitutional rights were denied or infringed by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

B.    Ineffective Assistance of Counsel

For Petitioner to prevail on an ineffective assistance of counsel claim, he must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the proceedings were unfair and the result was unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* Judicial scrutiny of counsel's performance must be "highly deferential," as defense counsel's competence is presumed. *Id; Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Petitioner must rebut this presumption by proving, not simply alleging, that his attorneys' representation was unreasonable under prevailing norms and that the challenged actions were not sound strategy. *Kimmelman*, 477 U.S. at 347.

## III.

A.  <u>Failure to Provide Discovery Pertinent to the Case</u>

Petitioner first alleges that his attorney failed to provide discovery information pertinent to his case. Specifically, Petitioner refers to his *pro se* Motion to Dismiss Counsel claiming his attorney failed to provide discovery requested by Petitioner by not providing certain disks. (ECF #21). A hearing took place on March 8, 2018 where it was established Petitioner failed to receive said discovery due to a transfer to a different Jail. After the hearing, Petitioner received the discovery information requested.

A court deciding an ineffective assistance of counsel claim must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland v. Washington,* 466 U.S. 690. It is also recognized that counsel is presumed to have rendered adequate assistance of counsel. *Id.* To establish prejudice against counsel, "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."*Wiggins v. Smith,* 539 U.S. 534 (Citing *Strickland,* 466 at 649).

Here, Petitioner's attorney had a hearing with the government regarding Petitioner's discovery request. At the hearing, it was learned that Petitioner had not received the discovery material. Once aware of the situation, Petitioner's attorney quickly mitigated the situation by re-sending Petitioner the requested discovery material. Therefore, Petitioner cannot show that his attorney's actions were outside the range of competent assistance. Additionally, Petitioner fails to demonstrate how the delay caused him any prejudice.

B.  <u>Failure to Make a Argument in a Suppression Motion</u>

In the second claim of ineffective assistance of counsel, Petitioner states his attorney was

ineffective by failing to file a motion to suppress evidence requested by Petitioner. Specifically, Petitioner states he was questioned illegally because he was recorded during a non-custodial questioning. (ECF #21). Petitioner made multiple requests to his attorney to file a motion to suppress evidence and his attorney ignored those requests. Counsel's reasoning for ignoring those requests was that he found them to be without merit. ( R. 71: Apr. 4, 2018, Hrn'g Tr. At PageID 313-14).

Petitioner fails to demonstrate that his attorney was ineffective by failing to file a motion to suppress evidence. The facts establish Petitioner was not in custody when he was questioned. There is no law that requires police to inform a defendant they are being recorded when not in custody. *United States v. Robinette*, No. 2:13-CR-89, 2014 WL 4187011, at *2 (E.D. Tenn. Aug. 21, 2014). The act of unwarned recording of a defendant's non-custodial statements is irrelevant. *Id.* It was therefore appropriate for counsel to ignore requests to file meritless motions.

C. <u>Failure to Make a Argument in Motion to Dismiss the Indictment</u>

In the third claim of ineffective assistance of counsel, Petitioner alleges his attorney was ineffective because he failed to file a motion to dismiss the indictment. Petitioner claims the indictment was not supported by sufficient evidence. (ECF # 21). Due to the fact Petitioner was convicted at trial, he cannot establish prejudice stemming from any alleged perjury at the Grand Jury stage of the proceedings. No prejudice can be established by the presentation of false evidence at the Grand Jury if a petit jury subsequently convicts the defendant. *See United States v. Morgan*, 384 F.3d 439, 443 (9th Cir. 2004).

**Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

**IV.**

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence In Accordance With Title 28 U.S.C. § 2255 (ECF #88) is DENIED. Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no discovery or evidentiary hearing is required to resolve the pending Motion. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b). IT IS SO ORDERED.

DONALD C. NUGENT
Senior United States District Judge

DATE: September 14, 2021